MARTIN BECK v. ANTON KNOBLAUCH and Others.[1]

September 15, 1905.

Nos. 14,326—(96).

Appeal by plaintiff from an order of the district court for Hennepin county, Willard R. Cray, J., denying a motion for a new trial. Affirmed.

*Cohen, Atwater & Shaw,* for appellant.

*Wm. H. Donahue* and *Simon Meyers,* for respondents.

PER CURIAM.

This is an action to rescind an executory contract wherein, upon certain conditions, it was agreed to convey real property in Minneapolis at a specified time, in compliance with specified conditions set forth therein. The right to rescind was based upon alleged defects in the defendants' title appearing of record. Defendants answered, setting forth substantially that the title was merchantable and that they were in a condition to comply with the contract. The cause was tried to the court, who found for the defendants substantially that the defendants' title was marketable, that they were able to convey, and that good conveyance had been tendered, and ordered judgment in accordance with the demand set forth in the defendants' counterclaim asking that relief. There was a motion for a new trial, which was overruled. From this order plaintiff appeals.

Plaintiff's claim for rescission rests upon the construction of deeds and plats of conveyances executed many years ago, which appear of record, regarding which it is claimed for the plaintiff there was sufficient ambiguity to justify the plaintiff in declining to accept the title. The court, upon careful consideration of the evidence, has found that the defendants' title was merchantable and in sufficient compliance with the terms of the executory contract, and we are unable to find any merit in plaintiff's contentions in respect thereto; nor does it seem necessary to notice particularly the specific theories upon which plaintiff rests his contention in this respect.

Plaintiff contends that the order for judgment, however, granting specific performance, is erroneous in directing the deficiency judgment and in failing to provide a credit for rents subsequent to the date of the order. An examination of the judgment discloses that jurisdiction by the court was retained, and that no application was ever made to the lower court for change or modification of the order in this respect; and, since that court only can determine the deficiency, if any, which can be arrived at only upon a hearing where full opportunity must be given the parties, this objection is of no avail on this appeal.

Order affirmed.

[1] Reported in 104 N. W. 1149.